UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2006-26 (WOB)**

**INDIANA STATE DISTRICT
COUNCIL OF LABORERS
AND HOD CARRIERS PENSION
AND WELFARE FUND, ET AL.**                     **PLAINTIFFS**

VS.              **MEMORANDUM OPINION AND ORDER**

**OMNICARE, INC.,
ET AL.**                                        **DEFENDANTS**

This matter is before the court on plaintiffs' motion to file a Second Amended Complaint (Doc. #118) and defendants' renewed motion to dismiss (Doc. #125).

The court heard oral argument on these motions on Wednesday, July 13, 2011. Henry Rosen, Jennifer Gmitro, and Kevin Murphy represented the plaintiffs. Harvey Kurzweil, John Schreiber, and William Robinson represented the defendants. Official court reporter Joan Averdick recorded the proceedings.

*Background*

The procedural history of this case is lengthy and need not be recounted here. Suffice to say that the case has been once to the Sixth Circuit and is now before this court on a single remanded claim under § 11 of the Securities Act of 1933. *See Indiana State Dist. Council of*

*Laborers and HOD Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 947-48 (6th Cir. 2009). As to the § 11 claim, the Sixth Circuit held that this court had improperly dismissed the claim at the Rule 12 stage on the grounds that plaintiffs had not shown "loss causation" because such is not an element of a § 11 claim but rather is an affirmative defense thereto. *Id.* at 947.

Defendants have now moved to dismiss the § 11 claim as it stands on remand, and plaintiffs have moved to file an amended complaint to restate that claim.

*Analysis*

**A.     Section 11 of the Securities Act of 1933**

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, imposes liability on persons who sign securities registration statements containing untrue statements of material fact or omissions of material fact. *J & R Marketing, SEP v. General Motors Corp.*, 549 F.3d 384, 390 (6th Cir. 2008).

"Loss causation," which refers to the causal connection between the material misrepresentation or omission and plaintiff's loss, is not an element of a claim under § 11 of the Securities Act. *See Indiana State*, 583 F.3d at 947 (citing 15 U.S.C. § 77*l*(b)). Rather, loss causation is an affirmative defense to a § 11 claim. *Id.*

2

Although § 11 plaintiffs are not required to plead or prove that the defendant acted with scienter, where the underlying allegations regarding the alleged misrepresentations or omissions sound in fraud, the requirements of Rule 9(b) apply. *Indiana State*, 583 F.3d at 948.

**B.   Renewed Motion to Dismiss § 11 Claim**

As noted, defendants have moved to dismiss the § 11 claim contained in the current complaint as it stands on remand, prior to any consideration of the proposed amendment. Plaintiffs have made no substantive opposition to this motion, effectively conceding that the § 11 claim as pled in the current complaint fails at the pleading stage. On its own review, the court finds that dismissal of that claim is proper.

Defendants base this motion to dismiss, in part, on their defense of loss causation. "Where a Rule 12(b)(6) motion is based on an affirmative defense, the complaint must show on its face that the claim is barred by the defense." *Local 295/Local 851 IBT Employer Group Pension Trust and Welfare Fund v. Fifth Third Bancorp*, 731 F. Supp.2d 689, 710 (S.D. Ohio. 2010) (citation omitted).

The § 11 claim set forth in the current complaint (Doc. 52-1 ¶117-118) rests on alleged GAAP violations

3

discussed in the prior opinions of this court and the Sixth Circuit. *See Indiana State*, 583 F.3d at 941.[1] The complaint specifically pleads that certain government investigations of Omnicare became public in January 2006, causing Omnicare stock to drop in price. (Doc. 52-1 ¶ 27)[2]

However, as the Sixth Circuit noted in its opinion, those government investigations were unrelated to any alleged GAAP violations, and their disclosure thus cannot establish the requisite loss causation. *Indiana State*, 583 F.3d at 945.

On its face, therefore, the current complaint establishes a failure of loss causation because it specifically alleges disclosures -- the announcements of the government investigations -- which did not reveal to the market the "truth" regarding the alleged GAAP violations. *Indiana State*, 583 F.3d at 945; *Fifth Third*, 731 F. Supp.2d at 710 (finding affirmative defense of loss causation established on face of complaint where disclosure

---

[1] The alleged accounting irregularities were: (1) improper revenue recognition, (2) overvaluation and improper recognition of receivables; (3) overvaluation of inventories, and (4) the failure to establish, in a timely manner, litigation settlement reserves with respect to several government investigations. *Id.*

[2] It is important to note that the named plaintiffs purchased their stock in Omnicare on December 12, 2005 and sold all of it by January 31, 2006. (Docs. 16-4, 35-5)

alleged did not address many of the alleged misrepresentations and omissions forming the basis for § 11 claim); *In re Britannia Bulk Holdings Inc. Sec. Litigation*, 665 F. Supp.2d 404, 418-20 (S.D.N.Y. 2009) (similar); *Davdico Investors, LLC v. Anchor Glass Container Corp.*, No. 8:04CV2561T-24EAJ, 2006 WL 547989, at *24-*25 (M.D. Fla. Mar. 6, 2006) (similar).

Second, as defendants note, conclusory allegations of GAAP violations generally do not satisfy the requirements of Rule 9(b). *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1269 (11th Cir. 2006). Indeed, as the Sixth Circuit noted, Omnicare's auditors certified Omnicare's GAAP compliance with respect to the financial statements in issue, and Omnicare has never restated these financials. *Indiana State*, 583 F.3d at 945. Plaintiffs' allegations regarding these GAAP violations thus do not satisfy the particularity requirements of Rule 9(b).

The § 11 claim as currently pled thus fails to state a claim.

C.   **Motion to Amend to Replead the § 11 Claim**[3]

Generally, leave to amend is "freely given when justice so requires." *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) (citation omitted). "In the securities litigation context, leave to amend is particularly appropriate where the complaint does not allege fraud with particularity." *Id.* at 800 (citation omitted).

"Denial may be appropriate, however, where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* (citations and internal quotations omitted).

Given the procedural history of this case, it might seem that further amendment of the complaint should not be allowed. However, upon closer inspection, and under applicable authority, the requested amendment will be allowed for several reasons.

First, although plaintiffs were previously allowed to amend their complaint, this is the first time they have

---

[3]The parties agree that the more restrictive standards for amendments under the PSLRA do not apply to § 11 claims.

sought to amend the § 11 claim, and they seek to do so based on information which became available only after this court dismissed the case.

Second, while defendants' argument that the amendment should be denied for futility because plaintiffs cannot show loss causation has strong appeal, close review of the proposed Second Amended Complaint ("SAC") shows that, by careful pleading, plaintiffs have arguably crafted a viable complaint.

As noted above, Congress specifically made loss causation an affirmative defense to a § 11 claim rather than an element that plaintiffs must plead. *See* 15 U.S.C. §77k(e). And, while dismissal on the basis of loss causation may sometimes be appropriate at the pleading stage, the applicability of that defense must be clear on the face of the complaint.

The cases on which defendants rely in which courts granted motions to dismiss, several of which are cited above, involve complaints in which the plaintiffs specifically pled "corrective disclosures" in such a way that the lack of loss causation was readily apparent, for example, where the disclosure occurred after the plaintiffs sold their stock, or where the disclosure was unrelated to the alleged misrepresentation or omission. Indeed, as

noted above, the § 11 claim set forth in the current complaint suffers from such a flaw.

The proposed SAC, however, is different: it pleads no corrective disclosures or revelations whatsoever. The court assumes that this is by design. Plaintiffs are not required to plead loss causation as an element because they assert only a § 11 claim, not a § 10(b)(5) claim. Further, because there are no allegations regarding corrective disclosures, the court cannot find loss causation lacking on the face of the complaint. "Thus, the Complaint does not on its face negate the factual presumption of causation, as it must for defendant to succeed at this early stage." *Levine v. Atricure, Inc.*, 508 F. Supp.2d 268, 274 (S.D.N.Y. 2007).

Indeed, the court in *Levine* noted that were a plaintiff to omit any references to corrective disclosures in his complaint, "he would still have stated a § 11 claim and defendant would be unable to argue that the absence of loss causation was apparent from the face of the Complaint." *Id.* at n. 9. This appears to be the case here.

The court notes, however, that it reaches this conclusion without any prejudice to defendants' right to

move for dismissal of the SAC, on any grounds, after it is filed.

Therefore, having heard the parties, and the court being otherwise advised,

**IT IS ORDERED** that: (1) Defendants' renewed motion to dismiss (Doc. #125) be, and is hereby, **GRANTED**; and (2) Plaintiffs' motion to file a Second Amended Complaint (Doc. #118) be, and is hereby, **GRANTED**.  The tendered Second Amended Complaint is **DEEMED FILED CONCURRENTLY HEREWITH**.

This 14th day of July, 2011.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge

TIC: 20 min.