# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS PENSION AND WELFARE FUND, On Behalf of Itself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>OMNICARE, INC., et al.,<br><br>                    Defendants. | Civil Action No. 2:06-cv-00026-WOB-CJS<br>**(Consolidated)**<br><br><u>CLASS ACTION</u> |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

TO: **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF OMNICARE, INC. ("OMNICARE" OR THE "COMPANY") PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS FOR THE COMPANY'S DECEMBER 12, 2005 PUBLIC OFFERING (THE "OFFERING")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Kentucky, Northern Division (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of the Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement and the proposed Plan of Allocation of the Settlement proceeds, as well as Lead Counsel's (as defined below at page 11) application for fees and expenses. This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this Litigation, and, alternatively, what steps you must take if you wish to be excluded from the Settlement Class (as defined below at page 5) and this Litigation. The terms of the Settlement are set forth in the Stipulation of Settlement dated as of February 5, 2019 ("Stipulation").[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment. Proofs of Claim must be **postmarked or submitted online on or before [Insert Date]**. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims related to the issues raised in this Litigation. Exclusions must be **postmarked on or before [Insert Date]**. |
| **OBJECT** | Write to the Court about why you oppose the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and/or any award to Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class. You will still be a member of the Settlement Class. Objections must |

---

[1] The Stipulation can be viewed and/or downloaded at www.OmnicareSecuritiesSettlement.com. All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation.

- 1 -

1489960_6

|  | be *received* by the Court and counsel on or before [Insert Date]. |
|---|---|
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be *received* **by the Court and counsel on or before [Insert Date].** |
| **DO NOTHING** | Receive no payment. Give up your rights. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, the Settlement Amount is $20 million. Plaintiffs' damages expert estimates that purchasers of approximately 12.825 million shares of Omnicare common stock may have been damaged. If the purchasers of 100% of those shares submit a claim, the average recovery per share of common stock will be approximately $1.55 before deduction of any taxes on any potential income earned on the Settlement Amount, notice and administration costs and the plaintiffs' attorneys' fee and expense award as determined by the Court. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Settlement Class Members who submit valid Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount depending on the number of claims submitted, and whether shares purchased or otherwise acquired pursuant and/or traceable to the Offering were held or sold, and, if sold, when they were sold and the amount received. *See* Plan of Allocation as set forth at pages ___ below for more information on your claim.

### Statement of Potential Outcome of Litigation

The parties disagree on both liability and damages and do not agree on the average amount of damages per share of Omnicare common stock purchased or otherwise acquired pursuant and/or traceable to the Offering that would be recoverable if the Settlement Class prevailed on each claim alleged. The issues on which the parties disagree include, for example: (i) whether the Defendants violated any federal securities laws; (ii) whether the Registration Statement and Prospectus for the Company's December 12, 2005 Offering contained any false or misleading statements or omissions; (iii) whether Omnicare common stock was artificially inflated; (iv) the extent to which external factors, such as general market, economic and industry conditions, influenced trading prices of the Company's common stock following the December 2015 Offering; and (v) whether Settlement Class Members suffered any damages. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, acts, misstatements, or omissions alleged, or that could have been alleged, in this action, and deny any and all liability to the Plaintiffs or the Settlement Class and deny that Plaintiffs or the Settlement Class have suffered any damages. While Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

- 2 -

1489960_6

**Statement of Attorneys' Fees and Expenses Sought**

Lead Counsel will apply to the Court for an award of attorneys' fees of one-third of the Settlement Amount, plus expenses not to exceed $1.8 million, plus interest earned on both amounts at the same rate as earned on the Settlement Fund. Since the Litigation's inception in 2006, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation and preparing the case for trial on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Settlement Class it would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. The requested fees and expenses amount to an average of approximately $0.66 per damaged common share. In addition, each of the Plaintiffs intends to request an amount not to exceed $15,000 pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-_____ or visit the website www.OmnicareSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Settlement Class now. This benefit must be compared to the risk that no recovery might be achieved after summary judgment motions, a contested trial and likely appeals, likely years into the future.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Litigation.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired Omnicare common stock pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering.

The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of Kentucky, Northern Division, and the case is known as *Indiana State District Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, No. 2:06-cv-00026-WOB (E.D. Ky.). The case has been assigned to the Honorable William O. Bertelsman. The Court-appointed Lead Plaintiff Laborers District Council Construction Industry Pension Fund ("Laborers Pension Fund") and named plaintiff Cement Masons Local 526 Combined Funds ("Cement Masons") (collectively, "Plaintiffs") represent the Settlement Class, and the parties they sued and who have now settled are called Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

Plaintiffs allege that Omnicare and several of its senior executives, former Chief Executive Officer Joel F. Gemunder, former Chief Financial Officer David W. Froesel, Jr., former Secretary Cheryl D. Hodges, and former Director Sandra E. Laney (collectively, "Defendants"), violated Section 11 of the Securities Act of 1933 by making false and misleading statements in the Registration Statement and Prospectus issued in connection with Omnicare's Offering of 12,825,000 shares on or about December 12, 2005. Defendants have denied all allegations of wrongdoing. In 2015, Omnicare was acquired by CVS Health Corporation in a transaction valued at $12.7 billion. In connection with the transaction, Omnicare's shareholders received $98 per share in cash. As a result of the transaction, Omnicare no longer has any public shareholders.

The initial complaint in this action was filed on February 2, 2006, and Laborers Pension Fund was appointed lead plaintiff on May 22, 2006. The original complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). After being granted leave to amend the Consolidated Complaint, Plaintiffs' First Amended Consolidated Complaint ("FAC") – with Cement Masons added as a named plaintiff – was filed on January 26, 2007. In addition to the Exchange Act claims, the FAC also for the first time asserted a claim for violation of Section 11 of the Securities Act of 1933.

On October 12, 2007, Defendants' motion to dismiss the FAC in its entirety was granted. Plaintiffs subsequently appealed the dismissal order, and on October 21, 2009, the Sixth Circuit affirmed the District Court's dismissal of the Exchange Act claims, but reversed and remanded with respect to the Section 11 claim. *See Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935 (6th Cir. 2009) ("*Omnicare I*"). On July 14, 2011, Plaintiffs filed their Second Amended Consolidated Complaint ("SAC"). The lone claim asserted in the SAC, which was later dismissed on February 13, 2012, was a claim under Section 11. Plaintiffs appealed the dismissal of the SAC, and, on May 28, 2013, the Sixth Circuit again partially reversed the dismissal order. *See Ind. State Dist. Council v. Omnicare, Inc.*, 719 F.3d 498 (6th Cir. 2013) ("*Omnicare II*"). After the *Omnicare II* decision, Defendants sought and were granted the issuance of a *writ of certiorari* by the United States Supreme Court. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 134 S. Ct. 1490 (2014). Following briefing, oral argument was held before the Supreme Court on November 3, 2014. On March 24, 2015, the Supreme Court delivered its opinion, reversing and remanding *Omnicare II* to address

the Court's newly-announced standard for pleading actionable false and/or misleading opinions pursuant to Section 11. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318 (2015).

After remand to the Sixth Circuit, and then eventually to this Court, Plaintiffs filed their Third Amended Consolidated Complaint ("TAC"). The TAC, which was likewise limited to a claim for violation of Section 11, expressly disclaimed the existence of any fraudulent statement by Defendants in connection with Omnicare's December 12, 2005 Offering. Defendants moved to dismiss the TAC. The Court held a hearing on August 23, 2016, and in a subsequent order filed the next day, denied Defendants' motion to dismiss. Discovery in the case commenced promptly thereafter.

By the time the parties agreed to settle this matter, the parties had completed substantial non-expert discovery, including production and review of over 964,510 documents (4,098,000 pages), and nine fact depositions (with another 15 depositions scheduled to occur). The parties had also completed class certification discovery, including five related depositions, and had completed briefing on Plaintiffs' motion for class certification. Also pending before the Court when a settlement was achieved was Plaintiffs' motion to compel discovery from certain of Omnicare's outside counsel during the relevant time frame, which motion was fully briefed by July 16, 2018. The parties had also engaged various expert witnesses who had undertaken substantial work in connection with both class certification and merits issues.

On June 8, 2017, the parties participated in a mediation session with the assistance of the Honorable Layn R. Phillips (Ret.). That session did not result in a settlement. Thereafter, on September 24, 2018, the parties participated in a second mediation session with the assistance of Magistrate Judge J. Gregory Wehrman.

In advance of both mediation sessions, the parties submitted detailed descriptions of their case and defenses, and voluminous collections of the evidence in support of their arguments. The parties, with the assistance of Judge Phillips and then Magistrate Judge Wehrman, engaged in protracted negotiations before reaching agreement to resolve this matter upon the terms set forth in the Stipulation.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements, and that they disclosed all material information required to be disclosed by the federal securities laws. Defendants also contend that any losses suffered by members of the Settlement Class were not caused by any allegedly false or misleading statements by Defendants.

### 3. Why is this a class action?

In a class action, one or more people called plaintiffs sue on behalf of people who have similar claims. Here, all of the people with similar claims are referred to as the Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who exclude themselves from the Settlement Class.

| 4. | **Why is there a settlement?** |

The Court has not decided in favor of the Defendants or the Settlement Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. In particular, Plaintiffs understand that, following discovery, the case was likely to become the subject of a summary judgment motion by Defendants that, with the possibility of further appeals, may have taken years to finally resolve. Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the claims asserted in the Litigation. Lead Counsel believes that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class, particularly considering the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial as well as potential post-trial proceedings, including appeals. Plaintiffs and Lead Counsel believe the Settlement is in the best interest of all Settlement Class Members in light of the possibility that continued litigation could result in no recovery at all.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements, and that they disclosed all material information required to be disclosed by the federal securities laws. Defendants also contend that any losses suffered by members of the Settlement Class were not caused by any allegedly false or misleading statements by Defendants. Defendants' decision to settle the Litigation is based on the conclusion that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation, and that it would be beneficial to avoid lengthy, distracting and time-consuming litigation, and the burden, inconvenience and expense connected therewith, and the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class Member.

| 5. | **How do I know if I am part of the Settlement?** |

The Court ordered that everyone who fits this description is a Settlement Class Member: **all Persons who purchased or otherwise acquired the common stock of Omnicare pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering,** except those Persons and entities that are excluded, as described below.

1489960_6

| 6. | Are there exceptions to being included? |

Excluded from the Settlement Class are Defendants, the officers and directors of Omnicare at the time of the Offering, members of their immediate families and their legal representatives, heirs, successors, or assigns of any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice. *See* Questions 13-14 below.

| 7. | What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-_____, or you can fill out and return the Proof of Claim enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal of the Litigation, Defendants have agreed that a payment of $20 million will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, *pro rata*, pursuant to the Plan of Allocation described below, among all Settlement Class Members who send in a valid Proof of Claim.

| 9. | How much will my payment be? |

Your share of the fund will depend on several things, including how many Settlement Class Members submit timely and valid Proofs of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Settlement Class Members send in, the number of shares of Omnicare common stock you purchased or acquired in the Offering, if you sold the shares, and how much you received for those shares. *See* the Plan of Allocation at pages \_\_\_ hereof for more information.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I receive a payment? |

To qualify for a payment, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www.OmnicareSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked (if mailed) or received (if filed electronically) no later than [Insert Date]. The Proof of Claim may be submitted online at www.OmnicareSecuritiesSettlement.com.

| 11. | When would I receive my payment? |

The Court will hold a Final Approval Hearing on _____, 2019, to decide whether to approve the Settlement. If the Court approves the Settlement after that, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to receive a payment or to stay in the Settlement Class? |

Unless you exclude yourself, you will remain a Settlement Class Member, and that means that, if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Defendants' Released Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever (including Unknown Claims as defined below), whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, common or foreign law, or any other law, rule or regulation, which now exist, or heretofore have existed, that have been or could have been asserted in the Litigation or any forum by the Released Persons or any of them against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, resolution, or settlement of the Released Claims and/or the Litigation against the Released Persons, except for claims related to the enforcement of the Settlement.

- "Related Parties" means, with respect to each Released Person, the spouses, immediate family members, heirs, executors, administrators, estates, trustees, current and former parents, subsidiaries, divisions, affiliates, predecessors, successors, joint venturers, principals, partners, directors, officers, employees, controlling shareholders, attorneys, auditors, accountants, investment bankers, underwriters, consultants, insurers, reinsurers, agents and representatives of each of them, any person or entity which is or was related or affiliated with any Released Person or in which any Released Person has a controlling interest, and the respective present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, joint venturers, principals, partners, directors, officers, employees, controlling shareholders, attorneys, auditors, accountants, investment bankers, underwriters, consultants, insurers, reinsurers, agents and representatives of each of the foregoing.

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgments, matters, issues, claims (including Unknown Claims as defined below), and causes of action of every nature and description whatsoever, in law or equity, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and

- 8 -

whether class and/or individual in nature, concerning, based on, arising out of, relating to or in connection with both: (i) the purchase or other acquisition of Omnicare common stock by Plaintiffs or any Settlement Class Member pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering; and (ii) any of the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, SEC filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation. Released Claims do not include claims to enforce the Settlement.

- "Released Persons" means each and all of the Defendants and their Related Parties.

- "Unknown Claims" means any of the Released Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Persons, and any of the Defendants' Released Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel, which, if known by such party, might have affected such party's settlement with and release of the Released Persons or Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel, or might have affected such party's decision not to object to this Settlement. With respect to any and all Released Claims and the Defendants' Released Claims, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members and Released Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and Defendants shall expressly, and each of the Settlement Class Members and Released Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, Settlement Class Members, and the Released Persons may hereafter discover facts, legal theories, or authorities in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims and the Defendants' Released Claims, but Plaintiffs and Defendants shall expressly, and each Settlement Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the

Defendants' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and the Settlement Class Members and Released Persons shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release of Unknown Claims is a part.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Persons, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself. *If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.*

### 13. How do I get out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Omnicare Securities Litigation*." To be valid, your letter must include the date(s), price(s), and number(s) of all purchases or other acquisition of Omnicare common stock pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering and sales of those shares of Omnicare common stock. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request **postmarked no later than** _____ **[Insert Date]** to:

*Omnicare Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons in the future.

1489960_6

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit. **Remember, the exclusion deadline is [Insert Date].**

## THE LAWYERS REPRESENTING YOU

| 15. | Do I have a lawyer in this case? |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represent the Settlement Class, including you. These lawyers are called Lead Counsel. You will not be charged for these lawyers. Lead Counsel will be paid from the Settlement Fund to the extent the Court approves its application for fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |

Lead Counsel will move the Court for an award of attorneys' fees of one-third of the Settlement Amount and for expenses in an amount not to exceed $1.8 million, which were incurred in connection with the Litigation, plus interest on such fees and expenses at the same rate earned on the Settlement Fund. In addition, each of the Plaintiffs intends to request an amount not to exceed $15,000 pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for its services for conducting this Litigation on behalf of Plaintiffs and the Settlement Class nor for the substantial litigation expenses Lead Counsel have incurred. The fee requested will compensate Lead Counsel for its work in achieving the Settlement Fund and is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

| 17. | How do I tell the Court that I object to the proposed Settlement? |

If you are a Settlement Class Member, you can write to the Court to object to or comment positively on the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's fee and expense application. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement, the proposed Plan of Allocation, the application for fees and expenses, and/or the request by Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class and the reasons you

- 11 -

object. Be sure to include your name, address, telephone number, and your signature. Your objection must demonstrate your membership in the Settlement Class, including the date(s), price(s), and number(s) of shares purchased or otherwise acquired of Omnicare common stock pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering and sold, and must state the reasons why you object. Your objection must contain a statement of whether your objection applies only to yourself, a subset of the Settlement Class or to the entire Settlement Class. In addition, your objection must reference *Indiana State District Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, No. 2:06-cv-00026-WOB (E.D. Ky.), and be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than [Insert Date]**:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF KENTUCKY<br>NORTHERN DIVISION<br>35 W. 5th Street<br>Covington, KY 41011 | Henry Rosen<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | John E. Schreiber<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071 |

| **18.** | **What is the difference between objecting and excluding myself?** |

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or the fee and expense application. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **19.** | **When and where will the Court decide whether to approve the proposed Settlement?** |

Having preliminarily approved the Settlement on _____2019, the Court will hold a Final Approval Hearing **at\_\_:** \_\_\_\_\_ \_\_.m., on _____, _____, **2019**, at the United States District Court for the Eastern District of Kentucky, Northern Division, 35 W. 5th Street, Covington, Kentucky 41011. At the hearing the Court will consider whether the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate and whether Lead Counsel's fee and expense application should be granted. The Court will also consider Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the Final Approval Hearing, the Court

- 12 -

will decide whether to approve the Settlement, the Plan of Allocation, the amount of attorneys' fees and expenses and Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class. We do not know how long these decisions will take. The Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you may wish to check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 20. | Do I have to come to the hearing? |

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you mailed your statement in support of the Settlement or written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 21. | May I speak at the hearing? |

If you object to the Settlement, the Plan of Allocation, the fee and expense application, or Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (*see* question 17 above) a statement saying that it is your "Notice of Intention to Appear in the *Omnicare Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, the application for an award of plaintiffs' attorneys' fees and expenses, or Plaintiffs' request pursuant to 15 U.S.C. §77z-1(a)(4) in connection with their representation of the Settlement Class and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 22. | What happens if I do nothing at all? |

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Persons about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 23. | Are there more details about the proposed Settlement? |

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-_____. A copy of the Stipulation and other relevant documents are also available on the Settlement website at

- 13 -

1489960_6

www.OmnicareSecuritiesSettlement.com. You may also contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 1-800-449-4900.

| 24. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, reference is made to the pleadings, the Stipulation, to the Orders entered by the Court and the other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of Kentucky, Northern Division, 35 W. 5th Street, Covington, Kentucky 41011, during regular business hours. For a fee, all papers filed with the Court in this Litigation are also available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The Settlement Fund, less all taxes, approved fees, and expenses (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants") pursuant to the Plan of Allocation (the "Plan") described below.

The Plan provides that an Authorized Claimant will be eligible to participate in the distribution of the Net Settlement Fund only if the Authorized Claimant purchased or otherwise acquired Omnicare common stock pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering.

Defendants will not have any involvement or responsibility for the administration of the Plan.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss" calculated using the Court-approved Plan. The Recognized Loss formula (described below) is not intended to estimate the amount that will be paid to Authorized Claimants from the Net Settlement Fund. Rather, the Recognized Loss formula is the basis upon which the Net Settlement Fund will be allocated among Authorized Claimants on a *pro rata* basis. The Court may approve the Plan, or modify it, without additional notice to the Settlement Class. However, any order modifying the Plan will be posted on the Settlement website at: www.OmnicareSecuritiesSettlement.com.

If any of the formulas set forth below yield an amount less than $0.00, the claim is $0.00.

### A. Eligible Securities

The Omnicare securities for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund consist of Omnicare common stock (CUSIP: _____) purchased or otherwise acquired pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering.

- 14 -

### B. Recognized Claim

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's "Recognized Claim," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to pay the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the Authorized Claimant's *pro rata* share of the Net Settlement Fund, *i.e.*, the Recognized Claim multiplied by the ratio of the Net Settlement Fund to the aggregate amount of the Recognized Claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The Plan reflects the Plaintiffs' allegations that the trading price of Omnicare's common stock sold in the December 12, 2005 Offering was artificially inflated as a result of alleged misrepresentations and omissions in the Registration Statement and Prospectus.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each Omnicare common stock purchased or acquired in the December 12, 2005 Offering that is listed in the Proof of Claim and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

For each share of Omnicare common stock purchased or otherwise acquired in the Company's December 12, 2005 Offering, and:

1. Sold on or prior to February 2, 2006, the Recognized Loss Amount shall be $59.72 per share (the December 12, 2005 Offering price per share) minus the sales price per share.

2. Sold following February 2, 2006, the Recognized Loss Amount shall be $59.72 per share minus, the greater of:

   (a) the sales price per share, or

   (b) $52.25 per share (Omnicare's closing price per share on February 2, 2006 when the first suit was brought).

### ADDITIONAL PROVISIONS

Purchases and sales of Omnicare common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of shares during the relevant time period shall not be deemed a purchase or sale of shares for the purpose of calculating Recognized Claims, unless (i) the donor or decedent purchased such shares during the relevant period; and (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares.

1489960_6

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that Settlement Class Member had a net overall loss, after all profits from transactions in all shares purchased or otherwise acquired pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering are subtracted from all losses from transactions in those shares. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

All distributions to Authorized Claimants from the Net Settlement Fund shall be void after a prescribed number of days. An Authorized Claimant who fails to cash a distribution within that time period from the date of the distribution forfeits his, her or its interest in that distribution, and continues to be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for therein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, any claims administrator or other Person designated by Plaintiffs' Counsel, or Defendants, Defendants' counsel or any other Released Persons based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan, or further orders of the Court. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired any shares of Omnicare common stock pursuant and/or traceable to the Registration Statement and Prospectus for the Company's December 12, 2005 Offering for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to you free of charge, and within ten (10) calendar days mail the Notice and Proof of Claim directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Omnicare Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 30224
College Station, TX 77842-3224
1-844-857-5171
www.OmnicareSecuritiesSettlement.com

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION