Eastern District of Kentucky
**F I L E D**

JUN 27 2019

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS PENSION AND WELFARE FUND, On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OMNICARE, INC., et al., <br><br> Defendants. | Civil Action No. 2:06-cv-00026-WOB-CJS **(Consolidated)** <br><br> CLASS ACTION |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated March 21, 2019, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of February 5, 2019 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      The Court has jurisdiction over the subject matter of the Litigation and all matters relating to the Stipulation, as well as personal jurisdiction over the Settling Parties and all Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only a Settlement Class defined as all Persons who purchased or otherwise acquired the common stock of Omnicare, Inc. ("Omnicare" or the "Company") pursuant and/or traceable to its December 12, 2005 public offering. Excluded from the Settlement Class are Defendants, the officers and directors of the Company at the time of the offering, members of their immediate families and their legal representatives, heirs, successors, or assigns of any entity in which Defendants have or had a controlling interest. By definition, also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class, of which there are none.

- 1 -

4. This Court hereby affirms its determinations in the Preliminary Approval Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Plaintiffs Laborers District Council Construction Industry Pension Fund and Cement Masons Local 526 Combined Funds as class representatives for the Settlement Class and Robbins Geller Rudman & Dowd LLP as class counsel for the Settlement Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Preliminary Approval Order, fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that:

  (a) the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

  (b) there was no collusion in connection with the Stipulation;

  (c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

  (d) the record is sufficiently developed and complete to have enabled the Plaintiffs and Defendants to have adequately evaluated and considered their positions.

- 2 -

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.     Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses with prejudice the Litigation and all claims contained therein and all of the Released Claims as against the Released Persons, except as and to the extent provided in the Stipulation and herein.

9.     Upon the Effective Date hereof, and as provided in the Stipulation, Plaintiffs and each and all of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, regardless of whether such Settlement Class Member executes and delivers the Proof of Claim and Release form, except for claims relating to the enforcement of the Settlement.

10.     Upon the Effective Date hereof, and as provided in the Stipulation, Plaintiffs and each and all of the Settlement Class Members are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any or all of the Released Persons.

11.     Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement

- 3 -

Class Members, other than those listed on Exhibit 1 hereto, and Plaintiffs' Counsel from all Defendants' Released Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

12.     The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class in accordance with the Preliminary Approval Order entered on March 21, 2019, was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirements of the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

13.     Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence

Cases\4827-8405-0839.v1-5/23/19

of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons, Plaintiffs, Settlement Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement or this Judgment.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be restored to their respective positions in the Litigation as of October 3, 2018.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _June 27, 2019_

_William O. Bertelsman_
THE HONORABLE WILLIAM O. BERTELSMAN
UNITED STATES DISTRICT JUDGE